The Honorable Allen Kerr State Representative
1429 Merrill Drive Little Rock, Arkansas 72214-1819
Dear Representative Kerr:
I am writing in response to your request for my opinion on the following questions:
 1. What Arkansas statute allows a city manager form of government to classify volunteers to its boards and commissions as employees? Is this legal or allowed under Arkansas law?
 2. What record-keeping requirements must be done based upon the Federal Labor Standards Board if volunteers to Boards and Commissions are classified as employees in a city manager form of government? Are W2's required, must indirect aid be reported as income (such as free parking or discounts to events or purchases), or must taxes be deducted based upon the indirect aid?
 3. Are volunteers in a city manager form of government appointed to the city's boards and commissions covered under the Arkansas Freedom of Information Act, classified as volunteers versus being classified as employees concerning transparency for the purpose of going into executive session? *Page 2 
RESPONSE
Question 1: What Arkansas statute allows a city manager form ofgovernment to classify volunteers to its boards and commissions asemployees? Is this legal or allowed under Arkansas law?
I am unable to answer this question in the absence of guidance as to which boards and commissions are at issue. It is also unclear what potential significance you ascribe to a volunteer's classification as either a "volunteer" or an "employee." Purely as a matter of syntax, it is unclear whether the phrase "to classify volunteers to its boards and commissions" refers to individuals who actually serve on the referenced "boards and commissions" or whether it refers to individuals whose service in some other capacity might be subject to review by a board or commission. Lacking any knowledge regarding the factual context that gave rise to your request, it is impossible for me to respond in a way that addresses the particular circumstances that have caused you concern. I can only note that municipal boards and commissions take a variety of forms, [1] and that, in certain instances, "volunteers" are not even permitted.[2] Moreover, if you are indeed referring to "volunteer" members of boards and commissions, I presume such "volunteers" would in any event need to be appointed, which would render them indistinguishable from any other variety of appointee.
You recite in your request as "Reference" A.C.A. § 21-1-502 (Supp. 2009), which sets forth the following definition of "public employee" within the context of the Public Employees' Political Freedom Act of 1999:
 (4) "Public employee" means a person who performs a full or part-time service for wages, salary, or other remuneration for a public employer.
I assume this "reference" is intended to establish that a "volunteer," who is presumably uncompensated, cannot also be an "employee." Although the upshot *Page 3 
of this definition is quite clear — namely, that a "public employee" for purposes of the act is one who performs a service for "wages, salary, or other remuneration for a public employer" — this act is narrow in its scope, barring a public employer from retaliating against a public employee for communicating with a public official regarding a matter related to the public employee's job.[3] Nothing in this statutory scheme suggests that this necessary condition of remuneration as an aspect of "employment" to remuneration will apply in other contexts.[4] Furthermore, assuming this is indeed your concern, I further fail to understand the possible significance of whether an individual serving on a board or commission is an appointed "volunteer" or an "employee."
Again, as your question has been phrased, I cannot interpret what issue you want me to explicate. Without clarification, I am simply unable to hazard a response.
Question 2: What record-keeping requirements must be done basedupon the Federal Labor Standards Board if volunteers to Boards andCommissions are classified as employees in a city manager form ofgovernment? Are W2's required, must indirect aid be reported as income(such as free parking or discounts to events or purchases), or musttaxes be deducted based upon the indirect aid? *Page 4 
These questions of federal law fall outside the scope of matters upon which this office is authorized to offer an analysis. As my immediate predecessor noted in this regard:
 A state Attorney General's analysis and interpretation of the applicable federal law and regulations will be less significant legally than the analysis and advice of the federal entities that have the authority to enforce those laws and regulations. For this reason, this office has traditionally deferred to the federal authorities on such matters. See Ops. Att'y Gen. Nos. 99-346; 98-254; 95-006; 94-335; 94-114; 91-060.[5]
You may elect to seek guidance from the pertinent federal authorities, including the Internal Revenue Service, as to the record-keeping requirements you reference under the applicable federal law and regulations.
Question 3: Are volunteers in a city manager form of governmentappointed to the city's boards and commissions covered under theArkansas Freedom of Information Act, classified as volunteers versusbeing classified as employees concerning transparency for the purpose ofgoing into executive session?
I cannot without clarification offer a response to this question. The phrase "volunteers . . . appointed to the city's boards and commissions" suggests that your concern is whether an individual's status as a "volunteer" member of a board or commission might have some bearing on whether the board or commission might go into private executive session in order to consider "employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee."[6]
Syntactically stripped to its essentials, your question is whether, for purposes of applying the Arkansas Freedom of Information Act (the "FOIA")[7] in a city-manager form of government, "volunteers . . . [are] classified as volunteers versus being classified as employees" — a question you cryptically suggest may have some significance "concerning transparency for the purpose of going into executive session." *Page 5 
With all respect, I cannot determine the gist of this question. As you have phrased your question, you may be asking whether the classification of a board or commission member as a "volunteer" or an "employee" has any bearing on whether the board or commission may go into executive session, thereby closing the session to the public. Stated differently, your question obliquely suggests a concern that the presence in an executive session of an appointed "volunteer" board or commission member — a category I am at a loss to distinguish from any other variety of appointee — would run afoul of the FOIA. I am by no means certain, however, that this is the question you meant to ask, and I am disinclined to craft from your submission a rephrased question that may not be the one you intended. Accordingly, I must respectfully decline to address this question.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] For a mere sampling of the range of boards and commissions possible under a city-manager form of government, see
A.C.A. § 14-47-108(b) (Supp. 2009).
[2] See, e.g., A.C.A. §§ 14-359-103 -107 (1987) (providing that the "governing body" of a city of the first or second class may form an airport commission pursuant to the Airport Commission Act, A.C.A. §§ 14-359-101 through-120 (1987 Supp. 2009), the members of which shall be appointed by the mayor).
[3] A.C.A. § 21-1-503 (Supp. 2009).
[4] By way of illustration, A.C.A. § 21-2-702(7) (Supp. 2009), which deals with the Self-Insured Fidelity Bond Program, contains the following definition:
 "Municipal public official" or "municipal public employee" means any elected officer of the municipalities and the employees or deputies of any elected officer, specifically including
salaried municipal employees of municipally owned utilities, members of the city council, including the mayor, and the members of the various municipal boards and commissions, but excluding officials and employees of municipal hospitals, nursing homes, and improvement districts[.]
(Emphasis added.) Subsection (4) of this statute contains a materially indistinguishable definition for the category of "county public employee." Similarly, the Disclosure Act for Lobbyists and State and Local Officials contains the following definition: "`Public employee' means an individual who is employed by a governmental body or who is appointed to serve a governmental body." A.C.A. § 21-8-402(16)(A) (Supp. 2009). Neither of these definitions mandates that a "public employee," including one serving on a municipal board or commission, receive compensation in order to warrant that designation.
[5] Op. Att'y Gen. No. 2003-094. Accord Ops. Att'y Gen. Nos. 99-346; 95-115; and 94-159.
[6] A.C.A. § 25-19-106(c)(1) (Supp. 2009).
[7] A.C.A. §§ 25-19-101 to-110 (Repl. 2002 and Supp. 2009).
 *Page 1